IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| H. GUNTHER OBERTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  06 C 2877 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| MARY L. KIRTH, JAY V. KRAFSUR, ) | |
| DARREN B. WATTS, KRAFSUR LAW GROUP, ) | |
| L.L.C., DANA ROSENTHAL, LISA DANNA ) | |
| and BARBARA KNOX, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff H. Günther Oberth initially filed a five-count pro se complaint in the Circuit Court of Cook County, Illinois, against defendants Mary L. Kirth, Jay V. Krafsur, Darren B. Watts, the Krafsur Law Group, L.L.C., Dana Rosenthal, Lisa Danna and Barbara Knox alleging libel (Count I), slander (Count II), defamation of character (Count III), the improper use of a civil proceeding (Count IV) and disregarding the Illinois Rules of Professional Conduct (Count V).  Plaintiff's claims stem from an initial sexual harassment lawsuit filed against him by defendant Mary L. Kirth.  The United States removed the action to this court and then moved, pursuant to § 28 U.S.C. 2679(d)(2), to substitute itself on behalf Dana Rosenthal, Lisa Danna and Barbara Knox, all attorneys at the United States Department of Housing & Urban Development ("HUD").  Plaintiff moved to vacate the removal.  On August 3, 2006, this court denied plaintiff's motion to vacate and ordered the substitution of the United States.  Both the United States and defendants Krafsur, Watts and the Krafsur Law Group, L.L.C. ("Krafsur

defendants"), have moved to dismiss all counts of plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]  For the reasons set forth below, defendants' motions to dismiss are granted.

## FACTS[2]

Plaintiff was employed by Hildegard Schniedermeier in various capacities at her apartment building at 2632-36 W. Winona St. in Chicago, Illinois.  On February 7, 2003, Mary Kirth, a tenant in the building, wrote a letter to Ms. Schniedermeier complaining of plaintiff's overtly sexual behavior and sexual comments directed towards her.  Plaintiff alleges that the statements made in this letter were fabricated stories made by Ms. Kirth after a failed relationship between her and plaintiff.  Plaintiff also alleges that Ms. Kirth told other tenants in the building about plaintiff's harassing behavior and that as a result of Ms. Kirth's behavior, he suffered emotional distress, humiliation and loss of community ties.

Ms. Kirth filed a lawsuit against plaintiff and Ms. Schniedermeier in federal court in July 2003.  She was represented by the Krafsur defendants. While that suit was pending, HUD initiated an investigation and began a conciliation process.  As a result of that process Ms. Kirth eventually settled with Ms. Schniedermeier.  The terms of that settlement are reflected in a confidential HUD Conciliation Agreement, pursuant to which Kirth dismissed the suit with prejudice including all claims against plaintiff, who had refused to participate in the settlement in any way.  According to plaintiff, none of the accusations in Ms. Kirth's lawsuit, particularly the allegations of sexual harassment, were valid.  Additionally, plaintiff alleges that he and Ms.

---

[1] The docket does not indicate whether Mary Kirth has ever been served with a summons.

[2] Facts are taken from plaintiff's complaint and are accepted as true for purposes of a motion to dismiss under 12(b)(6).

Kirth had an ongoing relationship for most of the time period in which Ms. Kirth resided at 2632 W. Winona Street and that she complained about his behavior only after their break up.

According to plaintiff's complaint, the Krafsur defendants and Dana Rosenthal, Lisa Danna and Barbara Knox violated Rule 1.16(a) of the Illinois Rules of Professional Conduct because they "had all the evidence in front of them to know Ms. Kirth's case was bogus, but they decided to push forward." Additionally, plaintiff alleges that the attorneys collectively coerced and intimidated Ms. Schniedermeier into settlement and knew they could "wear her down" because of her old age. Both Ms. Schniedermeier and plaintiff were represented in the underlying lawsuit brought by Ms. Kirth. Plaintiff seeks both compensatory and punitive damages.

## STANDARD OF REVIEW

In ruling on a Rule 12(b)(6) motion to dismiss, the court should accept the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Kim v. Kim, 360 F. Supp. 2d 897, 899 (N.D. Ill. 2005). A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff cannot prove any set of facts entitling him to relief. Pressalite Corp. v. Matsushita Electric Corp. of America, 2003 WL 1811530, at *2 (N.D. Ill. April 4, 2003). There is no requirement to plead specific facts but merely a need to plead a claim for relief and plaintiffs "need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of." Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005).

**DISCUSSION**

The United States has moved to dismiss all of plaintiff's counts on the ground that they are barred by the doctrine of sovereign immunity. The Krafsur defendants have moved to dismiss Count I ("liable"), Count II (slander) and Count III (defamation of character) on the ground that they are time-barred and Counts IV (abuse of process) and V (violation of the Illinois Rules of Professional Conduct) for failure to state a claim.

**The United States**

The United States moved to dismiss all of plaintiff's claims as barred by the doctrine of sovereign immunity. The Federal Tort Claims Act ("FTCA") allows an individual to sue the federal government when an employee of the federal government, while acting within the scope of his or her employment, causes the individual injury. 28 U.S.C. § 1346(b). The FTCA, however, has an intentional tort exception that does not waive sovereign immunity. See 28 U.S.C. § 2680(h). Section 2680(h) provides that the FTCA shall not apply to:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, that, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations arising out of federal law.

Counts I, II and III are all for various forms of defamation. Under the FTCA, there is no waiver of sovereign immunity allowing the United States to be sued for libel, slander or

defamation.  See Jimenez v. United States, 682 F.2d 1(1st Cir. 1982) (the exception covers all claims of defamation).  Thus, Counts I, II and III are all barred by sovereign immunity.

In Count IV, plaintiff alleges the improper use of a civil proceeding.  This appears to be a claim for malicious prosecution.  See Hammond Lead Products, Inc. v. American Cyanamid Co., 570 F.2d 668, 673 (7th Cir. 1977) (stating that actions for the misuse of a civil proceeding are generally viewed as actions for malicious prosecution).  Under the FTCA, a claim for malicious prosecution is barred by sovereign immunity unless the individual defendant is an investigative or law enforcement officer.  28 U.S.C. § 2680(h).  Investigative or law enforcement officers are defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations arising out of federal law."  Id.  In the instant case, plaintiff's allegations involve the conduct of three HUD attorneys, none of whom are investigative or law enforcement officers.  Thus, Count IV is also barred by sovereign immunity. In Count V, plaintiff alleges that the HUD lawyers violated the Illinois Rules of Professional Conduct by failing to drop the "bogus" fair housing action brought by Ms. Kirth and for coercing Ms. Schniedermeier into settlement.  Specifically, plaintiff alleges that all the defendant attorneys violated Rule 1.16 of the Illinois Rules of Professional Conduct.  Illinois courts have held that a violation of the Rules of Professional Conduct does not, in and of itself, expose an attorney to civil liability for damages.  See e.g. Nagy v. Beckley, 218 Ill. App. 3d 875, 881 (1st Dist. 1991) (holding that a violation of the Rules is not "an independent form of tort liability."). Regardless of whether the attorneys did in fact violate Rule 1.16, such a violation does not create an independent cause of action pursuant to which plaintiff can claim damages.  Thus, Count V is dismissed for failure to state a claim.

5

**The Krafsur Defendants**

The Krafsur defendants have moved to dismiss Count I (libel), Count II (slander) and Count III (defamation of character) as time-barred. The statute of limitations governing defamation claims provides that claims of libel or slander "shall be commenced within one year after the cause of action accrued." 735 ILCS 5/13-201. A cause of action for defamation generally accrues on the date the alleged defamatory statements are published to a third party. Naeemullah v. Citicorp Serv., Inc., 78 F. Supp. 2d 783, 791 (N.D. Ill. 1999). In the instant case, plaintiff alleges that Ms. Kirth made the defamatory statements in her letter to Ms. Schniedermeier on February 7, 2003. Although the Krafsur defendants did not write the letter, in his response to the Krafsur defendants' motion to dismiss, plaintiff indicated that Counts I through III are "directed at all defendants as all defendants perpetuated the defamation claims literally on a daily basis." Thus, all defendants are claimed to have committed the alleged defamation that occurred on February 7, 2003. It was on that date that the limitations period began and plaintiff had until February 7, 2004 to bring his claim. Plaintiff did not file this action, however, until more than three years later on April 19, 2006. Thus, Count I is time-barred and is therefore dismissed.

In Count II, plaintiff alleges slander. Specifically, he alleges that Ms. Kirth told another tenant in the building that plaintiff sexually assaulted and harassed her. Plaintiff alleges that the defamatory statements were republished throughout the underlying litigation against him and therefore contends that the cause of action did not accrue until that time. In a defamation action, however, privilege is an affirmative defense that can be raised, and "one type of recognized absolute privilege is the attorney litigation privilege." Edelman, Combs and Latturner v.

Hinshaw and Culbertson, 338 Ill. App. 3d 156, 164 (1st Dist. 2003). The privilege provides that "an attorney at law is absolutely privileged to publish false and defamatory matter of another concerning communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." Id. The only requirement is that the defamatory communications pertain to the proposed or pending litigation. Popp v. O'Neil, 313 Ill. App. 3d 638, 642 (2d Dist. 2000). In the instant case, it is undisputed that the alleged defamatory statements pertained to the underlying litigation. Thus, even if plaintiff's claims are not time-barred, as a matter of law, the defendants were absolutely privileged to publish the statements. Thus, Count II is dismissed.

Count III (defamation of character) is duplicative of Counts I and II and based on the same factual allegations. For the reasons discussed above, Count III is dismissed.

In Count IV, plaintiff alleges that the Krafsur defendants improperly used a civil proceeding. This count will be viewed as a claim for malicious prosecution. Hammond Lead Products, 570 F.2d at 673. To state a claim for malicious prosecution, the plaintiff must allege: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." Swick v. Liautaud, 169 Ill.2d 504, 512 (1996). Voluntary dismissals are generally not considered terminations in favor of the plaintiff. Sutton v. Hofeld, 118 Ill. App. 3d 65, 68 (1st Dist. 1983). The Illinois Supreme Court has held, however, that a plaintiff may, under very limited circumstances, establish that an underlying suit was terminated in his favor where the

lawsuit did not end on the merits. Cult Awareness v. Church of Scientology, Int'l., 177 Ill.2d 267, 685 N.E.2d 1347, 1353 (1997) (holding that a "a favorable termination is limited to only those legal dispositions that can give rise to an inference of lack of probable cause."). The court noted that if the dismissal was merely a formal means of securing a settlement, it could not serve as the basis for a claim for malicious prosecution. Id.

In the instant case, plaintiff cannot establish that the underlying litigation between himself and Ms. Kirth terminated in his favor. After extensive litigation in that case, the parties reached settlement and the entire case was voluntarily dismissed with prejudice. The court never reached the merits of Ms. Kirth's claims against plaintiff and the action was dismissed as a means of securing the settlement between Ms. Kirth and Ms. Schniedermeier. Thus, Count IV is dismissed.

In Count V, plaintiff alleges that the defendants violated Rule 1.16 of the Illinois Rules of Professional Conduct. Illinois courts, however, do not recognize an cause of action against an attorney for violating the Rules of Professional Conduct. See Nagy, 218 Ill. App. 3d at 881. Thus, Count V is dismissed.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss are granted.

**ENTER:** **December 13, 2006**

_____
**Robert W. Gettleman**
**United States District Judge**